UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAHIR SHAH KHAN ATAL (A# 221-177-626), | No.  1:26-cv-01945 DAD SCR |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that immigration officials detained petitioner, a citizen and national of Afghanistan, near Sasabe, Arizona, on October 26, 2024, shortly after he entered the U.S. without inspection.  ECF No. 7 at 10.  On November 19, 2024, officials released petitioner on parole premised upon either an explicit or implicit finding that he was not dangerous or a flight risk.  Id.  While on release, petitioner did not commit any crimes, materially complied with conditions of release, and received work authorization.  Id. at 10-11. Petitioner is not subject to a final order of removal.  On December 21, 2025, immigration officials

1

detained petitioner near Buffalo, New York.  Id. at 11.  He is currently detained in the California City Corrections Center, within this judicial district.  ECF No. 1 at 2, ¶ 1.

Respondents concede that this case is not factually or legally distinguishable from District Judge Drozd's rulings in Perez v. Albarran, No. 1:25-cv-1540 DAD CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and Chavarria v. Chestnut, No. 1:25-cv-1755 DAD AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).  ECF No. 7 at 2.  Considering all of these factors, and consistent with these prior rulings, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention and that petitioner is entitled to relief on count one of the petition.[1]

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Petitioner Zahir Shah Khan Atal's (A# 221-177-626) application for a writ of habeas corpus be granted on count one (Violation of Fifth Amendment Right to Due Process, Procedural Due Process).

2.    Respondents be ORDERED to immediately release petitioner from respondents' custody with the same conditions she was subject to immediately prior to his detention on December 21, 2025;

3.    Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate a change in circumstances by clear and convincing evidence; and

4.    Any order adopting these findings and recommendations include language that respondents are not enjoined and restrained from detaining Petitioner in the event that the immigration court issues a final order of removal and the Petitioner receives notice of said order. In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing removal pursuant to the final order of removal.

---

[1]  In the interests of judicial economy, any remaining claims in the § 2241 petition are not addressed herein.

2

5.      Respondents' motion to dismiss (ECF No. 6) be granted to the extent that all respondents other than petitioner's immediate custodian are deemed stricken from this proceeding without any additional docket modification.

6.      The Clerk of the Court be directed to:

    a.  Serve the California City Corrections Center with a copy of any order adopting these findings and recommendations; and

    b.  Enter judgment in favor of petitioner and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3