UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAHIR SHAH KHAN ATAL,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>Defendant. | No.  1:26-cv-01945-DAD-SCR (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING THE MOTION TO DISMISS<br><br>(Doc. Nos. 1, 6, 11) |

Petitioner is a federal immigration detainee proceeding through counsel with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 13, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be granted.  (Doc. No. 11.)  Specifically, the assigned magistrate judge found that petitioner's re-detention violated due process.  (*Id.* at 2.)  The magistrate judge also recommended the respondents' motion to dismiss be granted to the extent it seeks to strike all respondents who are not petitioner's immediate custodian without any additional docket modification.  (*Id.* at 3.)  The pending findings and recommendations were served on the parties and contained notice that any

1

objections thereto were to be filed within seven (7) days after service. (*Id.* at 3.) To date, no objections to the findings and recommendations have been filed and the time in which to do so has passed.

In their motion to dismiss, respondents seek to dismiss all respondents who are not petitioner's immediate custodian. (Doc. No. 6 at 1.) In support of the motion, respondents rely upon the Ninth Circuit's decision in *Doe v. Garland*. (*Id.* at 1–2) (citing 109 F.4th 1188, 1195 (9th Cir. 2024). The court in *Doe* held that the district court erred by exercising jurisdiction over the petitioner's *habeas* petition "because Doe failed to name his immediate custodian as respondent to his petition and filed the petition outside the district of his confinement." *Doe*, 109 F.4th at 1199. Here, petitioner has named his immediate custodian, and respondents have not moved to dismiss on the basis that petitioner filed the petition outside the district of his confinement. Accordingly, respondents' motion to dismiss may be denied on that basis alone.

However, the court concludes that respondents' motion to dismiss must also be denied because the appropriate remedy here includes an injunction on the actions of those who may execute any future re-detention of petitioner. As another district judge of this court recently explained:

> But *Doe* did not address who may be named as a respondent when the appropriate remedy includes a restraint on future detention—a non-core habeas challenge. That issue was addressed in *Dunne v. Henman*, where the Ninth Circuit explained that, for non-core habeas challenges, the "official" who has control over a "future" restraint on the petitioner's freedom is the "true custodian" and should be named as a respondent. *Dunne v. Henman*, 875 F.2d 244, 248–49 (9th Cir. 1989) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973)); *see also Doe*, 109 F.4th at 1194, 1197 (noting that in *Dunne* the petitioner "filed his § 2241 petition to attack a future sentence, not his present physical confinement, rendering his petition a non-core habeas petition . . . ."); *Padilla*, 542 U.S. at 437–39 (explaining that the "immediate physical custodian rule, by its terms, does not apply when a habeas petitioner challenges something other than his present physical confinement[,]" and in such a case, a petitioner "may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'").

*Estrada v. Mullin*, No. 1:26-cv-02527-KES-EPG (HC), 2026 WL 1030902, at *1 (E.D. Cal. Apr. 16, 2026); *see also Chan v. Warden*, 2:26-cv-01269-KES-FJS (HC), 2026 WL 1083796, at *1 (E.D. Cal. Apr. 17, 2026) (denying a motion to dismiss all respondents other than petitioner's

immediate custodian because "respondents other than the warden would be responsible for the decision to re-detain . . . ."); *Funez v. Chestnut*, No. 1:26-cv-01845-KES-CDB (HC), 2026 WL 972548, at *7 (E.D. Cal. Apr. 10, 2026) (recommending the denial of the respondents' motion to dismiss all but petitioner's immediate custodian in part because an injunction as to petitioner's re-detention was also being recommended). Accordingly, respondents' motion to dismiss will be denied.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

For the reasons above,

1.      The findings and recommendations issued on April 3, 2026 (Doc. No. 11) are ADOPTED IN PART;

2.      Respondents' motion to dismiss (Doc. No. 6) is DENIED;

3.      Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

      a.      Respondents are ORDERED to immediately release petitioner Zahir Shah Khan Atal, A-File No. 221-177-626, from respondents' custody under the same conditions he was subject to prior to his re-detention;

      b.      Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, unless they provide petitioner with written notice and a pre-deprivation a bond hearing before an immigration judge where respondents have the burden of establishing that petitioner is either a flight risk or danger by clear and convincing evidence;

/////

---

[1] Because petitioner Pamela Bondi has been named as a respondent in her official capacity (Doc. No. 1 at ¶ 18), Todd Blanche will automatically replace her as the acting Attorney General. *See Funez*, 2026 WL 972548, at *1 n.1 ("Markwayne Mullin is automatically substituted for the former Secretary of DHS, Kristi Noem, and Todd Blanche for Pamela Bondi, former United States Attorney General; both were sued in their official capacity."); *see also* Fed. R. Civ. Proc. 25(d).

3

4.      The Clerk of the Court is directed to update the docket to substitute Todd Blanche for the former United States Attorney General Pamela Bondi;

5.      The Clerk of the Court is directed to serve the California City Corrections Center with a copy of this order; and

6.      The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 23, 2026**

                                    DALE A. DROZD
UNITED STATES DISTRICT JUDGE